Rachael D. Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Julie Albert (*Pro Hac Vice pending*)
julie.albert@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant and Counterclaim-Plaintiff*
*The Analytical Moose LLC*
*and Defendant Rachael Brady*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| INTTERRA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ANALYTICAL MOOSE LLC and RACHAEL BRADY. | Case No.: 2:26-cv-00747-WBS-CSK<br><br>**THE ANALYTICAL MOOSE LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br>Trial Date: N/A<br>Action filed: March 5, 2026 |

Defendant and Counterclaim-Plaintiff The Analytical Moose LLC ("Defendant" or "TAM") by and through its undersigned counsel, hereby submits the following Answer to Intterra, LLC's ("Intterra" or "Plaintiff") Complaint for Declaratory Judgment ("Complaint") [ECF. No. 1] filed on March 5, 2026 and served on March 18, 2026. Intterra, with full knowledge of TAM's prior trademark rights (having previously tried to purchase them) made the unlawful and willful decision to adopt and seek to register a family of confusingly-similar trademarks intended for use on near-identical offerings targeting the very same users and using the same trade channels as TAM's. After TAM's legitimate trademark enforcement efforts, Intterra elected not to cease its wrongful conduct, but to go on the offensive and bring TAM and its founder, Ms. Rachael Brady, to court, alleging non-infringement of a trademark it had sought out and, just months before, valued and attempted to purchase. In these circumstances, Intterra is not entitled to a declaratory judgment of non-infringement, let alone its extraordinary demand for recovery of its attorneys' fees and costs. In contrast, as reflected in TAM's Answer, Affirmative Defenses, and Counterclaims, Intterra's Complaint for declaratory relief should be denied, and Intterra should be held accountable for its inequitable litigation conduct, willful trademark infringement, and unfair competitive practices.

**ANSWER TO COMPLAINT**

1. TAM admits that Plaintiff brings this action under the Lanham Act and the Declaratory Judgment Act and seeks a declaratory judgment of non-infringement with respect to the WILDFIRE AWARE mark. TAM further admits that TAM is the owner of U.S. Trademark Registration No. 7,403,027 for WILDFIRE AWARE. TAM denies any allegation or implication that Plaintiff's conduct is lawful or non-infringing and denies the remaining allegations in paragraph 1.

2. TAM admits that Plaintiff seeks a declaration that its use of the AWARE-formative marks does not infringe Defendant's WILDFIRE AWARE mark. TAM denies that Plaintiff is entitled to such a declaration.

3. TAM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4. TAM admits the allegations in paragraph 4 of the Complaint.

5. TAM admits the allegations in paragraph 5 of the Complaint.

6. TAM does not dispute this Court's subject matter jurisdiction for this matter or that an actual controversy exists.

7. TAM does not dispute this Court's personal jurisdiction.

8. No response is required to paragraph 8 because it states a request for administrative relief. To the extent a response is deemed required, TAM denies that Plaintiff is entitled to any relief

9. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies same.

10. TAM is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore deny all such allegations.

11. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies same.

12. TAM admits that Intterra's mobile application is intended for use by the general public. TAM denies the allegation that "the primary consumer base for Intterra's newly developed mobile application is . . . governmental agencies." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. TAM admits that, to the extent Intterra's new mobile application is available, Intterra's new mobile application was not available until at least as late as late 2025. TAM admits that Intterra uses AWARE-formative branding comprising the distinctive term AWARE followed by a generic geographical identifier. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. TAM admits that Intterra filed trademark applications for AWARE-formative trademarks, including Application Serial No. 99572641. TAM denies that Intterra filed only fourteen trademark applications, as an additional application has been filed after the date of the Complaint. The prosecution records for Intterra's trademarks speak for themselves such that no response is warranted.

16. TAM admits that Plaintiff has undertaken steps toward offering a mobile application

under AWARE-formative branding that will be available to end users. TAM denies the allegations in Paragraph 16 of the Complaint to the extent that Intterra claims it is not a source of or responsible for its offerings, including those branded under trademarks that Intterra alleges it owns. The press release attached as Exhibit C speaks for itself such that no response is required. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21. TAM admits that Intterra has publicly utilized AWARE-formative branding in marketing its products. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22. TAM admits that Intterra has publicly utilized AWARE-formative branding in marketing its products, and that Intterra plans to, and is in the process of, significantly expanding such use. TAM admits that Intterra's AWARE-branded offerings are or will be available to individual end users. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23. TAM admits that counsel for TAM and Ms. Rachael Brady sent the a letter dated January 28, 2026 noticing potential claims of trademark infringement and unfair competition and demanding that Intterra cease all infringing use and pursuit of registration for AWARE-formative marks. TAM admits that, at least as early as January 28, 2026, Intterra was on express notice of applicable trademark rights, Otherwise, the January 28, 2026 letter speaks for itself and TAM denies any of Intterra's characterizations or representations concerning same.

24. TAM admits that counsel's January 28, 2026 letter was sent "following a prior attempt by Intterra" to purchase applicable rights. Otherwise, the January 28, 2026 letter speaks for itself and TAM denies any of Intterra's characterizations or representations concerning same.

25. TAM admits that TAM's founder, Ms. Brady, has "experience in the fire service industry" and direct connections to agencies providing fire and emergency-relief related services. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies same.

26. TAM admits that Plaintiff was, at all pertinent times, aware of Ms. Brady, the WILDFIRE AWARE® app, and TAM's prior rights in and to the WILDFIRE AWARE® mark. TAM admits that Plaintiff was, at all pertinent times, aware of Ms. Brady's "grit and determination" and "relevant experience and familiarity with building mobile applications." TAM admits that Plaintiff undertook a review of the WILDFIRE AWARE® app. TAM admits that Plaintiff was, at all pertinent times, aware of the "significant effort and resources" required to build the WILDFIRE AWARE® app. to build the app. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore denies same.

27. TAM admits that, at all pertinent times, Intterra "was cognizant that Ms. Brady and others had made significant financial and personal investments in developing the WILDFIRE AWARE® app and brand." TAM admits that Intterra made financial and employment offers in connection with Intterra's purchase of "the WILDFIRE AWARE® app and brand." TAM admits that Intterra's offer "was intended to compensate Ms. Brady for the investments she and others had made in the app and brand." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies same.

28. TAM admits that Ms. Brady declined Plaintiff's offer of employment and that Intterra did not purchase or otherwise obtain any rights in or to the WILDFIRE AWARE® app and brand.. TAM admits that Ms. Brady declined to accept offers of employment on multiple occasions, including in November 2024 and March 2025. TAM otherwise denies any remaining allegations,

characterizations, or implications set forth in Paragraph 28 of the Complaint.

29. TAM denies that Intterra's goal was "not to acquire any rights associated with the WILDFIRE AWARE application." TAM denies Intterra's characterization of the WILDFIRE AWARE's audience as "relatively limited." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies same.

30. TAM denies that the WILDFIRE AWARE® app's functionality is limited to wildfires and that the WILDFIRE AWARE® app "does not relay communications from any governmental authorities other than the National Weather Service." TAM admits that WILDFIRE AWARE has a free and a paid version, and that the paid version of WILDFIRE AWARE includes notifications of the app's real-time updates. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, including as to the nature and scope of Intterra's purported investigation, and therefore denies same.

31. TAM admits that TAM is the owner of U.S. Trademark Registration No. 7,403,027 for WILDFIRE AWARE, and that Intterra is aware of TAM's ownership rights. TAM admits that received, and overcame, a preliminary refusal of registration, based on U.S. Reg. No., 3099983.

32. TAM admits that, on September 20, 2023, TAM submitted a response to the USPTO's Office Action in support of registration of the WILDFIRE AWARE® mark notwithstanding Reg. No. 3099983 (the "Office Action Response"). TAM admits that WILDFIRE AWARE® and Reg. No. 3099983 look different, have different connotations, impart different commercial impressions, cover different goods, and target different markets and channels of trade. TAM otherwise denies the remaining allegations in Paragraph 32 of the Complaint, including Intterra's characterization and implications as to the nature and scope of TAM's rights based on incomplete and out-of-context quotations from TAM's response, which must be considered in its entirety and speaks for itself.

33. TAM admits that the registrations cited in TAM's Office Action Response remain registered as of the date hereof. TAM otherwise denies the remaining allegations in Paragraph 33 of the Complaint, including Intterra's characterization and implications of TAM's arguments the nature and scope of TAM's rights based on incomplete and out-of-context quotations from TAM's response,

which must be considered in its entirety and speaks for itself.

34. TAM admits that a call between Intterra's counsel and TAM's former counsel was held on February 6, 2026. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies same.

35. TAM admits that, notwithstanding Intterra's awareness of TAM's prior rights and discussion of exploring a potential resolution, TAM admits that Intterra responded by email on February 13, 2026 acknowledging Intterra's intention to "use and register" AWARE-formative marks notwithstanding TAM's prior rights and declining to provide any offer of settlement. TAM otherwise denies the remaining allegations in Paragraph 35 of the Complaint, including Intterra's characterization and implications of correspondence between the parties' counsel, which must be considered in its entirety and speaks for itself.

36. TAM denies that Exhibit H is a "true and correct copy of the email correspondence between Intterra's and Defendants' counsel" as it redacts nearly all substantive contents of such correspondence, including legal and factual arguments, Intterra's admissions as to the relatedness of the parties' marks and offerings, evidence of Intterra's mischaracterizations and bad faith, and a detailed settlement proposal. TAM admits that, in light of Intterra's continued misuse and infringement of TAM's intellectual property, it advised by email on February 18, 2026 that TAM is prepared to take legal action to obtain relief from Intterra's willful misconduct. TAM otherwise denies the remaining allegations in Paragraph 36 of the Complaint, including Intterra's characterization and implications of correspondence between the parties' counsel, which must be considered in its entirety and speaks for itself.

37. The allegations in Paragraph 37 are legal arguments to which a response is not required. To the extent a response is required, denied.

38. Denied.

39. Denied.

40. TAM admits that, notwithstanding Intterra's awareness of TAM's prior rights, Intterra has publicly, and prominently, utilized confusingly-similar AWARE-formative branding in connection with, *inter alia*, the development, marketing, offer, and/or sale of goods and services.

41. Based on information available to date and reserving all rights, for the purposes of this pleading and TAM's obtaining preliminary injunctive relief, TAM does not dispute Intterra's standing. TAM otherwise denies the allegations in Paragraph 41 of the Complaint.

42. Based on information available to date and reserving all rights, for the purposes of this pleading and TAM's obtaining preliminary injunctive relief, TAM does not dispute Intterra's standing. TAM otherwise denies the allegations in Paragraph 42 of the Complaint, including any assertion or implication that Intterra's intentional and willful decision to adopt a confusingly-similar trademark evidences any harm attributable to TAM, or that Intterra is unable to rebrand its offerings.

43. Denied.

44. Denied.

45. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46. TAM denies that its legitimate intellectual property enforcement efforts in the face of willful infringement entitle Intterra to any relief.

**CLAIM FOR RELIEF**

47. TAM repeats and realleges its responses to paragraphs 1 through 46 of the Complaint.

48. Denied.

49. Denied.

50. TAM admits that it alleges that Intterra's use of AWARE-formative branding, including AWARECA, willfully infringes TAM's trademark rights.

51. Denied.

52. Denied.

53. Denied.

**PRAYER FOR RELIEF**

No response is necessary to a prayer for relief. To the extent a response is deemed necessary, TAM deny that Plaintiff is entitled to any relief sought in its Prayer for Relief or otherwise, and TAM request that the Court deny all relief to Plaintiff and enter judgment in favor of TAM**.**

## DEMAND FOR JURY TRIAL

TAM acknowledges Plaintiff's demand for a trial by jury and similarly demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

TAM's investigation of their defenses is continuing, and TAM expressly reserves the right to assert any additional defenses under the Federal Rules of Civil Procedure, the trademark laws of the United States, and any other defense, at law or in equity, that may now exist or be available in the future based upon discovery and further investigation in this case. By asserting the following defenses, the burden of proof has not shifted from Plaintiff for any issue where Plaintiff bears the burden, including, without limitation, infringement. TAM reserves the right to amend their response, including asserting additional affirmative and other defenses as may be discovered or otherwise become available.

### FIRST DEFENSE

### (Unclean Hands)

1. The Complaint, and Intterra's actions, show inequitable conduct.

2. Intterra seeks a declaratory judgment of non-infringement but acknowledges Intterra's actual knowledge of TAM's mark and business and subsequent intentional efforts to adopt confusingly-similar branding,

3. Intterra posits that AWARE has limited, or no, source-signifying value yet has filed fifteen trademark applications to register AWARE-formative marks on the basis of inherent distinctiveness.

4. Intterra selectively redacted correspondence filed with the Complaint to omit material information, admissions against interest, and damaging context.

5. Intterra contends that rebranding is "impossible" yet contends its intentionally-selected, confusingly-similar mark is "weak."

### SECOND DEFENSE

### (Estoppel)

6. Intterra cannot seek declaratory relief while acknowledging TAM's prior rights, prior

efforts to acquire the "app and brand" for value, and proceeding with adoption of AWARE-formative branding only after its purchasing efforts were not successful.

**THIRD DEFENSE**

**(Waiver)**

7. Intterra has waived its right to challenge the strength, scope, and validity of TAM's rights by virtue of its prior efforts to acquire the WILDFIRE AWARE brand for value, and acknowledging TAM's prior rights.

**FOURTH DEFENSE**

**(Bad Faith)**

8. Intterra's adoption of confusingly similar branding, including AWARE-formative marks and use of similar red shield stylization, reinforces its awareness and willful disregard of TAM's prior use.

**FIFTH DEFENSE**

**(Fraud on the USPTO)**

9. Intterra's representations to the USPTO, including as to Intterra's exclusive rights to use its applied-for marks in commerce and lack of knowledge of any third party with prior rights, were knowingly false

**COUNTERCLAIMS**

The Analytical Moose LLC ("TAM") asserts the following counterclaims against Intterra, LLC ("Intterra" or "Plaintiff"). TAM reserves the right to assert counterclaims as warranted by facts revealed through discovery. Counterclaimant TAM counterclaims as follows:

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. § 1114), federal unfair competition and (15 U.S.C. § 1125(a)(1)), California unfair competition (Cal. Bus. & Prof. Code § 17200), and common law trademark infringement and unfair competition, as the result of willful and unauthorized use by Intterra of TAM's trademark. TAM seeks preliminary injunctive relief restraining Intterra's infringement of TAM's trademark, monetary damages, attorneys' fees, and related relief.

## PARTIES

2. TAM is a Defendant in this action and is a California Limited Liability Company with a principal place of business at 6633 Mountain Side Drive, Igo, California 96047

3. Intterra, LLC is a Nevada limited liability company with a principal place of business at 1606 Headway Circle, Suite 9644, Austin, Texas 78754.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the subject matter of TAM's counterclaims under § 39(a) of the United States Trademark Act, 15 U.S.C. § 1121(a), and under 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the subject matter of TAM's counterclaims under the law of the State of California under 28 U.S.C. §§ 1338(b) and 1367.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### TAM's Trademark and Goodwill

5. Counterclaimant TAM incorporates by reference the allegations set forth in paragraphs 1–46 of the answer.

6. TAM was founded in 2020 to support business efforts around intelligence and software consulting for small businesses, non-profits, and government agencies in California and nationwide.

7. As one of its offerings, TAM owns and operates a mobile application called Wildfire Aware ®. TAM's owner and founder, Ms. Rachael Brady, developed Wildfire Aware ® in response to a recurring and dangerous information gap she observed during wildfires: the delay between when a wildfire is dispatched and when the public receives actionable notice.

8. Since at least as early as November 2022, TAM has used the WILDFIRE AWARE mark in commerce in connection with a publicly available mobile application that provides wildfire alerts and related information to members of the general public.

9. Users of WILDFIRE AWARE have come to associate the mark with TAM as the trusted source of wildfire alerts before it begins to spread, throughout active fire conditions, and during the post-fire period when secondary safety hazards may persist.

10. By virtue of both the inherent distinctiveness of the WILDFIRE AWARE mark and TAM's substantially exclusive use of the mark in commerce, TAM has acquired significant, and

valuable marketplace goodwill.

11. TAM's use of the WILDFIRE AWARE mark has been continuous and has identified TAM as the source of the wildfire related information services offered through the application.

12. Through that use, TAM has developed goodwill associated with the WILDFIRE AWARE mark as a source identifier for wildfire notification and information services.

13. TAM is the owner of a valid and subsisting federal trademark registration for WILDFIRE AWARE, U.S. Trademark Registration No. 7,403,027, which is in full force and effect and constitutes prima facie evidence of the validity of the mark, TAM's ownership, and TAM's exclusive right to use the mark in commerce.

**INTTERRA'S UNLAWFUL CONDUCT**

14. Intterra develops and markets mobile applications intended for use by the general public to receive real-time updates and public-safety information, including information about wildfires.

15. In 2024, Intterra evaluated, sought to acquire, and expressly valued both the WILDFIRE AWARE application and its trademark rights. Intterra identified TAM and its founder and principal as potential value-adds to the company's pursuit of a mobile application for wildfire alerts and public safety, acknowledging and appreciating that Ms. Brady, had developed the WILDFIRE AWARE app and brand, and that she had invested significant effort and resources in doing so. TAM's founder and principal declined Intterra's offer and retained all rights in and to the WILDFIRE AWARE app and brand.

16. Following its unsuccessful effort to acquire TAM's application and trademark rights, Intterra took concrete steps toward launch of its AWARE-branded application, including using AWARE branding in obtaining millions of dollars in government contracts, developing the "AWARE" ecosystem which includes the AWARE Intel Hub, AWARE Ops, and a series of nationwide and location-specific AWARE applications (including, for example, AWARE & Design, AWAREUS for the United States, AWARECA for California, AWARETX for Texas, and others), creating and distributing promotional materials bearing AWARE branding, and publicly announcing an "early-spring" anticipated launch of an AWARE-formative mobile application.

17. As a result of Intterra's adoption and promotion of AWARECA and other AWARE formative marks, backed by substantial capital, institutional relationships, and technical infrastructure, consumers encountering those marks, including through search engines and online platforms, are likely to believe that TAM's services originate with, are affiliated with, or are authorized by Intterra. This likelihood of confusion includes reverse confusion, in which Intterra's larger scale and reach hijacks and usurps TAM's rights, causing consumers to mistakenly believe that WILDFIRE AWARE is a junior, affiliated, or even infringing offering to Intterra's, impairing TAM's ability to control the identity and goodwill associated with its brand, forestalling expansion, and reducing the value of its hard-earned trademark rights.

18. Intterra's use of the AWARECA and AWARE-formative marks is also likely to cause confusion, among consumers seeking wildfire alerts and related public safety information. Given the parties' overlapping subject matter, channels of distribution, and target users seeking real-time wildfire alerts and public-safety information, consumers encountering Intterra's AWARE-formative applications are likely to believe that Intterra's services are affiliated with sponsored by, or derived from TAM's WILDFIRE AWARE application, or that TAM has endorsed Intterra's use of the AWARE-formative marks.

19. Despite undisputed knowledge of TAM's prior rights and the value of its federally registered AWARE-formative trademark, Intterra adopted, began using, and in December 2025, filed fifteen federal trademark applications claiming exclusive rights in AWARE-formative trademarks for a mobile application and related offerings with purposes, trade channels, and target markets nearly identical to TAM's, at a comparatively massive scale.

20. On January 28, 2026, after learning of Intterra's egregious misconduct, including its trademark filings, TAM, through counsel, sent Intterra a cease-and-desist letter reminding Intterra of TAM's trademark rights in WILDFIRE AWARE and demanding that Intterra cease its use of AWARE-formative marks, or otherwise engage in good faith efforts to resolve the matter short of litigation.

21. Despite receiving written notice of TAM's trademark rights and infringement claims, Intterra forged ahead, continuing to use and promote the AWARE-formative marks and doubling

down on its impending launch.

22. Intterra's continued conduct threatens TAM's ability to control the goodwill associated with the WILDFIRE AWARE mark and has caused and will continue to cause irreparable harm for which there is no adequate remedy at law.

23. Intterra's conduct constitutes an "exceptional case" within the meaning of the Lanham Act, as Intterra acted with actual knowledge of TAM's prior rights, attempted to acquire TAM's trademark and application, adopted confusingly-similar AWARE-formative marks after that effort failed, and continued and even expanded its conduct despite multiple written notices of infringement.

**FIRST COUNTERCLAIM FOR RELIEF**

**(INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK; 15 U.S.C. §. 1114)**

24. TAM realleges and reincorporates all preceding paragraphs.

25. TAM is the owner of a valid federal trademark registration for WILDFIRE AWARE, U.S. Trademark Registration No. 7,403,027, which is in full force and effect and constitutes prima facie evidence of the validity of the mark, TAM's ownership, and TAM's exclusive right to use the mark in commerce.

26. Intterra has used and continues to use the AWARECA and other AWARE-formative marks in commerce in connection with mobile applications and services addressing overlapping subject matter and intended users as TAM's Wildfire Aware ® application.

27. Intterra's use of the AWARE-formative marks is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Intterra's application, including reverse confusion, in which consumers mistakenly believe that TAM's Wildfire Aware ® application is affiliated with, sponsored by, or derived from Intterra.

28. Intterra adopted and continued its use of the AWARE-formative marks with actual knowledge of TAM's prior rights in the WILDFIRE AWARE mark and continued such use after receiving written notice of TAM's infringement claims.

29. As a direct and proximate result of Intterra's infringing conduct, TAM has suffered and will continue to suffer irreparable harm, including loss of control over the goodwill associated with

the WILDFIRE AWARE mark, for which there is no adequate remedy at law.

30. Intterra's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**SECOND COUNTERCLAIM FOR RELIEF**

**(False Designation of Origin and Federal Unfair Competition; 15 U.S.C. § 1125(a))**

31. TAM realleges and incorporates by reference all preceding paragraphs.

32. Intterra has used and continues to use the AWARECA and other AWARE-formative marks in commerce in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, affiliation, or approval of Intterra's goods and services.

33. Intterra's use of the AWARE-formative marks falsely suggests that Intterra's mobile application is affiliated with, sponsored by, or associated with TAM, or that TAM's WILDFIRE AWARE application originates with or is approved by Intterra.

34. Intterra's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Intterra's unlawful conduct has caused and is likely to continue to cause irreparable harm to TAM, including confusion regarding the source of wildfire-related information services and loss of control over the WILDFIRE AWARE mark.

36. Unless enjoined, Intterra will continue its false designation of origin and unfair competition to TAM's irreparable injury.

**THIRD COUNTERFCLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)**

37. TAM realleges and incorporates by reference all preceding paragraphs.

38. Intterra's acts and practices, as alleged above, constitute unlawful business acts and practices within the meaning of California Business and Professions Code § 17200, including violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

39. Intterra's conduct is also unfair, in that it offends established public policy and causes substantial injury to TAM, and to California-based consumers and users of wildfire-related public safety applications, that is not outweighed by any countervailing benefits to consumers or competition.

40. As a direct and proximate result of Intterra's unfair competition, TAM has suffered economic injury, including damage to goodwill and loss of control over its trademark and business identity.

41. TAM is entitled to injunctive relief and restitution under California Business and Professional Code § 17200.

**FOURTH COUNTERCLAIM FOR RELIEF**

**Common Law Trademark Infringement and Unfair Competition**

42. TAM realleges and incorporates by reference all preceding paragraphs.

43. TAM owns common-law trademark rights in the WILDFIRE AWARE mark, and variants thereof, through its prior and continuous use of the mark in commerce.

44. Intterra's use of the AWARECA and other AWARE-formative marks is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Intterra's goods and services.

45. Intterra's conduct constitutes common-law trademark infringement and unfair competition under California law.

46. As a result of Intterra's common-law infringement, TAM has suffered and will continue to suffer irreparable harm, including injury to reputation and goodwill, for which there is no adequate remedy at law.

**JURY DEMAND**

TAM hereby demands trial by jury on all issues in these Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, TAM respectfully requests that judgement be entered in its favor against Intterra, as follows:

A. A judgment that Intterra:

1. Has infringed on TAM's federal and common law trademark rights
2. Is unfairly competing with TAM,
3. Acted willfully and with malice;

B. An order and judgment permanently enjoining Intterra, together with its members (to the

extent acting on behalf of or for the benefit of the LLC), managers, officers, employees, agents, servants, representatives, affiliates, subsidiaries, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this Order, from, directly or indirectly, promoting, offering, and launching software or related products or services intended for public safety or notification purposes, under or in connection with an AWARE-formative trademark;

C. An order pursuant to 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to refuse registration and/or cancel Plaintiff's fifteen pending AWARE-formative trademark applications, and to otherwise rectify the Trademark Register consistent with the Court's judgment

D. Actual damages suffered as a result of Intterra's unlawful conduct, in an amount to be proven at trial, including Intterra's profits and TAM's losses, costs for corrective advertising, and enhanced damages available in light of willful misconduct, as well as all pre-judgment and post-judgment interest, at the maximum rate permitted at law;

E. Costs of suit and reasonable attorneys' fees;

F. Any other remedy to which TAM may be entitled in law or equity.

DATED: April 3, 2026 By: BAKER BOTTS L.L.P.

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Julie Albert (*Pro Hac Vice pending*)
julie.albert@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant and Counterclaim-Plaintiff The Analytical Moose LLC and Defendant Rachael Brady*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on April 3, 2026 pursuant to Local Rule 135.

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin