Rachael D. Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Katherine A. Burgess (SBN 330480)
(*admission pending*)
katherine.burgess@bakerbotts.com
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Julie Albert (*Pro Hac Vice*)
julie.albert@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendants*
*The Analytical Moose LLC and*
*Rachael Brady*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| INTTERRA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>THE ANALYTICAL MOOSE LLC and<br>RACHAEL BRADY,<br><br>            Defendants. | Case No.: 2:26-cv-00747-WBS-CSK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RACHAEL BRADY'S MOTION TO DISMISS**<br><br>Judge: Hon. William B. Shubb<br>Date: May 26, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor<br>Trial Date: N/A<br>Action filed: March 5, 2026 |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................1

II. FACTUAL BACKGROUND ................................................................................1

III. LEGAL STANDARD ...........................................................................................2

IV. ARGUMENT .......................................................................................................3

    A.    There is No Case or Controversy Between Intterra and Ms. Brady .......................3

    B.    In the Alternative, Rule 12(b)(6) Compels Dismissal of Ms. Brady .......................4

V. CONCLUSION .....................................................................................................6

BRADY'S MEM. OF P. & A. ISO MOTION TO DISMISS
CASE NO. 2:26-CV-00747-WBS-CSK

# TABLE OF AUTHORITIES

**CASES**

*Abrahim & Sons Enters. v. Equilon Enters., LLC*,
292 F.3d 958 (9th Cir. 2002) ................................................................................................ 4-5

*Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.*,
No. 15-CV-13647, 2016 WL 1323784 (E.D. Mich. Apr. 5, 2016)........................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................2, 3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................2, 4

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ................................................................................................ 2-3

*Doctor's Best, Inc. v. Nature's Way Products, LLC*,
143 F.4th 1101 (9th Cir. 2025)................................................................................................5

*Fleck and Assoc., Inc. v. Phoenix, an Arizona Mun. Corp.*,
471 F.3d 1100 (9th Cir. 2006) ................................................................................................2

*Ghusain v. Caltrain, et al.*,
No. 25-cv-09670, 2026 WL 901267 (N.D. Cal. Mar. 30, 2026) ...............................................5

*Halicki Films, LLC v. Sanderson Sales and Marketing*,
547 F.3d 1213 (9th Cir. 2008) ................................................................................................4

*Informix Software, Inc. v. Oracle Corp.*,
927 F. Supp. 1283 (N.D. Cal. 1996) ......................................................................................5

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ................................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)........................................................................................................2, 3, 4

*Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc.*,
721 F. App'x 628 (9th Cir. 2018)............................................................................................2

*Outdoor Media Group, Inc. v. City of Belmont*,
506 F.3d 895 (9th Cir. 2007) ................................................................................................3

*Papasan v. Allain*,
478 U.S. 265 (1986)................................................................................................................2

*Pub. Serv. Comm'n v. Wycoff, Co.*,
344 U.S. 237 (1952)................................................................................................................2

BRADY'S MEM. OF P. & A. ISO MOTION TO DISMISS
CASE NO. 2:26-CV-00747-WBS-CSK

*Rhoades v. Avon Prods., Inc.*,
　504 F.3d 1151 (9th Cir. 2007) ...................................................................................2, 3, 4

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*,
　65 F.4th 1012 (9th Cir. 2023) ......................................................................................2, 3

*Warren v. Fox Family Worldwide, Inc.*,
　328 F.3d 1136 (9th Cir. 2003) .........................................................................................3

**OTHER AUTHORITIES**

U.S. CONST. art. III, § 2, cl.1 ...............................................................................................2

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6), Defendant Rachael Brady ("Ms. Brady") moves to dismiss Plaintiff Intterra, LLC's ("Intterra") Complaint as to Ms. Brady personally. Plaintiff's single-count Complaint seeks a declaratory judgment of non-infringement of a trademark owned by The Analytical Moose LLC ("TAM"), a named Defendant to Plaintiff's Complaint. Plaintiff Intterra admits that Ms. Brady does not own or hold any enforceable trademark rights independent of TAM, nor does Intterra's Complaint allege a basis for imposing personal-capacity liability on Ms. Brady as distinct from TAM. Accordingly, Ms. Brady respectfully requests dismissal under Rule 12(b)(1) without prejudice. If the Court determines it has jurisdiction over any alleged controversy between Ms. Brady and Intterra, Ms. Brady requests dismissal with prejudice under Rule 12(b)(6) on the grounds that the Complaint does not state a cause of action against her.

## II. FACTUAL BACKGROUND

On March 5, 2026, Intterra filed this declaratory judgment action against TAM and Ms. Brady. ECF No. 1. Intterra's Complaint includes one cause of action, seeking "a declaration that its use of the marks AWARE, AWERECA, [etc.] . . . do not infringe upon Defendants' Mark." Compl. ¶ 2. Intterra's Complaint defines the mark in question as WILDFIRE AWARE®, which it acknowledges "is the subject of U.S. Trademark Registration No. 7403027, owned by The Analytical Moose." *Id.* ¶ 1. Intterra's Complaint notes a January 28, 2026, cease-and-desist letter from counsel to Ms. Brady identifying her as the "registered owner of the federally recognized trademark 'Wildfire Aware'". Compl. at Ex. E. But Intterra admits that its pre-suit investigation confirmed TAM owns the mark at-issue. *See* Compl. ¶¶ 30-31 ("Following Intterra's receipt of Defendants' January 28 letter, Intterra, via counsel, conducted a preliminary investigation into Ms. Brady's claims. . . . Through their investigation, Intterra learned that The Analytical Moose, not Ms. Brady, owns U.S. Reg. No. 7403027 for WILDFIRE AWARE."); Compl. ¶ 31, n.4 ("Intterra believes that Ms. Brady is the sole member and owner of The Analytical Moose[.]"). Intterra's trademark Complaint includes no other allegations as to Ms. Brady, including any allegations of trademark use, possession, ownership, or any other

interest in WILDFIRE AWARE® by Ms. Brady, independent of TAM.

## III. LEGAL STANDARD

As required by Article III, courts may adjudicate only actual cases or controversies. U.S. CONST. art. III, § 2, cl.1. When presented with a claim for a declaratory judgment, therefore, federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (citing *Pub. Serv. Comm'n v. Wycoff, Co.,* 344 U.S. 237, 244 (1952)); *see also MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 126 (2007); *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union,* 65 F.4th 1012, 1025 (9th Cir. 2023) (Post *MedImmune* "[i]n the context of declaratory judgment actions regarding trademark infringement, we will continue to apply the principles articulated in *Societe*, *Chesebrough*, and *Rhoades*.") (hereafter, "*SDCCU*"). Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1). *Rhoades,* 504 F.3d at 1157 (citing *Fleck and Assoc., Inc. v. Phoenix, an Arizona Mun. Corp.,* 471 F.3d 1100, 1103–04 (9th Cir. 2006) (noting, in a declaratory relief action, that a true "case or controversy" is required to withstand a Rule 12(b)(1) motion for lack of jurisdiction)). To assess jurisdiction, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127; *Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc*., 721 F. App'x 628, 629 (9th Cir. 2018) (adopting the *MedImmune* standard in a declaratory judgment trademark case); *SDCCU*, 65 F.4th at 1025 (accord).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, the court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

2

pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). A court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Belmont*, 506 F.3d 895, 900 (9th Cir. 2007). However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

## IV. ARGUMENT

### A. There is No Case or Controversy Between Intterra and Ms. Brady

This Court does not have jurisdiction over any alleged controversy between Intterra and Ms. Brady. Article III requires an actual controversy between the declaratory judgment plaintiff and each named defendant. *SDCCU*, 65 F.4th at 1022. The Supreme Court has held that declaratory judgment jurisdiction exists where, "under all the circumstances," there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to warrant declaratory relief. *MedImmune,* 549 U.S. at 127. In the Ninth Circuit's trademark context, the same inquiry asks whether the plaintiff has a "real and reasonable apprehension" of liability if it continues its conduct. *Rhoades,* 504 F.3d at 1157–58. Where, as here, a particular defendant does not own the asserted mark and has no independent right to enforce it, the plaintiff lacks the requisite adverse legal relationship with that defendant: any live controversy runs, if at all, only to the mark owner.

Intterra's Complaint does not plausibly plead any reasonable fear of trademark litigation from Ms. Brady. The Complaint's limited references to Ms. Brady (1) identify a letter from prior counsel which mistakenly identified Ms. Brady as the registrant of the WILDFIRE AWARE® mark, an inadvertent error which Intterra was readily able to identify prior to filing suit, and (2) describe Ms. Brady's role as the founder and manager of TAM. Put simply, the only allegations against Ms. Brady concern her involvement in developing offerings on behalf of TAM, which are squarely owned by TAM. To the extent counsel's letter of January 28, 2026, created any potential apprehension of suit from Ms. Brady, Intterra's own admitted investigation of USPTO records affirm that any trademark

3

rights – including the right to enforce and defend – are owned by TAM, and not Ms. Brady. Compl. ¶ 31 ("Through their investigation, Intterra learned that The Analytical Moose, not Ms. Brady, owns U.S. Reg. No. 7403027 for WILDFIRE AWARE.").

Under *MedImmune*, *Rhoades* and their progeny, the absence of an "immediate" and "real" enforcement dispute between Intterra and Ms. Brady means there is no justiciable controversy as to Ms. Brady, and Intterra's single count for a declaratory judgment of non-infringement as to Ms. Brady should be dismissed under Rule 12(b)(1).

**B.  In the Alternative, Rule 12(b)(6) Compels Dismissal of Ms. Brady**

In the alternative, even assuming *arguendo* that jurisdiction exists, Intterra's Complaint fails to plead any facts establishing an adverse legal interest or plausible claim for declaratory relief against Ms. Brady individually and therefore fails to state a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S., at 678; *Twombly*, 550 U.S., at 555.

The Complaint seeks a declaratory judgment that Intterra's use of its AWARE-formative marks does not infringe the mark WILDFIRE AWARE®, names both TAM and Ms. Brady, seeks injunctive relief enjoining future enforcement action based on rights in that mark, and seeks attorneys' fees and costs associated with obtaining its requested relief. *See* Compl. at 18. (Prayer For Relief). Naming Ms. Brady personally and seeking attorneys' fees on these facts is heavy-handed. Naming Ms. Brady personally is also inconsistent with controlling law.

"To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales and Marketing*, 547 F.3d 1213, 1225 (9th Cir. 2008). As a non-owner, Ms. Brady is unable to claim or enforce rights in WILDFIRE AWARE® in her personal capacity. Compl. ¶ 1 (acknowledging that TAM, not Ms. Brady, owns the WILDFIRE AWARE® mark).

TAM is a limited liability company. Compl. ¶ 4. "LLCs are distinct legal entities, separate from their stockholders or members, [and] [t]he acts of a corporation or LLC are deemed independent of the acts of its members." *Abrahim & Sons Enters. v. Equilon Enters., LLC*, 292 F.3d 958, 962 (9th

4

Cir. 2002). Limited Liability Companies like TAM can, and do, own and assert trademarks in their own capacity. *See, e.g., Doctor's Best, Inc. v. Nature's Way Products, LLC*, 143 F.4th 1101, 1104 (9th Cir. 2025) (Nature's Way Products, LLC "has long since owned the U.S. trademark 'Nature's Way.'"). Where a trademark in question is owned by an LLC, rather than by one of its members, the member does not have the ability to enforce rights in the mark and any assertion of rights by the member must be dismissed for failure to state a claim upon which relief can be granted. *Ghusain v. Caltrain, et al.*, No. 25-cv-09670, 2026 WL 901267, at \*10 (N.D. Cal. Mar. 30, 2026) ("Because . . . American Railways LLC, rather than Plaintiff, owns the trademark for US RAILWAYS, Plaintiff does not state a claim for infringement of his trademark. So, the Court dismisses Plaintiff's Second and Sixth Causes of Action.").

In the declaratory judgment context, it is not proper to name a non-owner when the issues are limited to non-infringement and non-infringement related defenses. For example, "courts addressing the issue of whether anyone but the owner of a trademark is a proper defendant in an action to cancel a trademark have held uniformly that the statute requires the action to proceed only against the current owner of the mark." *Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.,* No. 15-CV-13647, 2016 WL 1323784, at \*6 (E.D. Mich. Apr. 5, 2016) (collecting cases, including *Informix Software, Inc. v. Oracle Corp*., 927 F. Supp. 1283, 1286 (N.D. Cal. 1996).) The entire basis for Intterra's DJ claim rests on a mark which Intterra affirmatively pleads is owned by TAM (already a party to this litigation), not Ms. Brady. Ms. Brady does not own WILDFIRE AWARE®, does not claim or assert common-law trademark rights in WILDFIRE AWARE® separate and apart from those owned by TAM, and does not have a separate cognizable interest in the mark. "If [Ms. Brady] lacks standing to bring an infringement action to enforce the [WILDFIRE AWARE] mark[] and is not a proper party to [Intterra's] claim to cancel those marks, it appears obvious that [Ms. Brady] is not a proper defendant in a prophylactic declaratory judgment action seeking a ruling on the defenses it would raise in an infringement action." *Ann Arbor T-Shirt Co*., 2016 WL 1323784, at \*7.

Accordingly, the Complaint fails to state a claim for relief as to Ms. Brady in this trademark matter.

**V.  CONCLUSION**

For the reasons above, Ms. Rachael Brady respectfully requests the Court to grant this motion to dismiss the Plaintiff Intterra, LLC's Complaint in its entirety under Rule 12(b)(1) without prejudice, or in the alternative under Rule 12(b)(6) with prejudice with respect to Defendant Ms. Brady.


DATED:  April 9, 2026                          BAKER BOTTS L.L.P.


                                      By:  */s/ Rachael D. Lamkin*
                                           Rachael D. Lamkin (SBN 246066)
                                           rachael.lamkin@bakerbotts.com
                                           Katherine A. Burgess (SBN 330480)
                                           katherine.burgess@bakerbotts.com
                                           (*admission pending*)
                                           101 California Street, Suite 3200
                                           San Francisco, CA  94111
                                           Telephone: (415) 291-6200
                                           Fax: (415) 291-6300

                                           Julie Albert (*Pro Hac Vice*)
                                           julie.albert@bakerbotts.com
                                           30 Rockefeller Plaza
                                           New York, NY 10112
                                           Telephone: (212) 408-2500
                                           Fax: (212) 408-2501

                                           *Attorneys for Defendants*
                                           *The Analytical Moose LLC and*
                                           *Rachael Brady*