Rachael D. Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Katherine Burgess (SBN 330480)
katherine.burgess@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Julie Albert (*admitted Pro Hac Vice*)
julie.albert@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant*
*The Analytical Moose LLC*
*and Defendant Rachael Brady*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| INTTERRA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ANALYTICAL MOOSE LLC and RACHAEL BRADY. | Case No.: 2:26-cv-00747-WBS-CSK<br><br>**THE ANALYTICAL MOOSE LLC'S AMENDED ANSWER TO COMPLAINT**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5, 14th Floor<br>Trial Date: N/A<br>Action filed: March 5, 2026 |

Pursuant to Federal Rule of Civil Procedure 15(a)(1) and Local Rule 220, Defendant The Analytical Moose LLC ("Defendant" or "TAM") files this Amended Answer. This amended pleading supersedes TAM's prior answer and counterclaims. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Seaboard Int'l, Inc. v. Cameron Int'l Corp.*, No. 113CV00281MLHSKO, 2013 WL 12123491, at *1 (E.D. Cal. May 29, 2013); L.R. 220.[1]

By and through its undersigned counsel, hereby submits the following Amended Answer to Intterra, LLC's ("Intterra" or "Plaintiff") Complaint for Declaratory Judgment ("Complaint") [ECF. No. 1] filed on March 5, 2026 and served on March 18, 2026. Intterra, with full knowledge of TAM's prior trademark rights (having previously tried to purchase them) made the unlawful and willful decision to adopt and seek to register a family of confusingly-similar trademarks intended for use on near-identical offerings targeting the very same users and using the same trade channels as TAM's. After TAM's legitimate trademark enforcement efforts, Intterra elected not to cease its wrongful conduct, but to go on the offensive and bring TAM and its founder, Ms. Rachael Brady, to court, alleging non-infringement of a trademark it had sought out and, just months before, valued and attempted to purchase. In these circumstances, Intterra is not entitled to a declaratory judgment of non-infringement, let alone its extraordinary demand for recovery of its attorneys' fees and costs.

**AMENDED ANSWER TO COMPLAINT**

1. TAM admits that Plaintiff brings this action under the Lanham Act and the Declaratory Judgment Act and seeks a declaratory judgment of non-infringement with respect to the WILDFIRE AWARE mark. TAM further admits that TAM is the owner of U.S. Trademark Registration No. 7,403,027 for WILDFIRE AWARE. TAM denies any allegation or implication that Plaintiff's conduct is lawful or non-infringing and denies the remaining allegations in paragraph 1.

2. TAM admits that Plaintiff seeks a declaration that its use of the AWARE-formative marks does not infringe Defendant's WILDFIRE AWARE mark.

3. TAM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

---

[1] To the extent a separate dismissal is required, TAM also voluntarily dismisses its previously filed counterclaims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and 41(c), because no responsive pleading to those counterclaims has been served.

4. TAM admits the allegations in paragraph 4 of the Complaint.

5. TAM admits the allegations in paragraph 5 of the Complaint.

6. TAM does not dispute this Court's subject matter jurisdiction for this matter or that an actual controversy exists.

7. TAM does not dispute this Court's personal jurisdiction.

8. No response is required to paragraph 8 because it states a request for administrative relief. To the extent a response is deemed required, TAM denies that Plaintiff is entitled to any relief

9. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies same.

10. TAM is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore deny all such allegations.

11. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies same.

12. TAM admits that Intterra's mobile application is intended for use by the general public. TAM denies the allegation that "the primary consumer base for Intterra's newly developed mobile application is . . . governmental agencies." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. TAM admits that, to the extent Intterra's new mobile application is available, Intterra's new mobile application was not available until at least as late as late 2025. TAM admits that Intterra uses AWARE-formative branding comprising the distinctive term AWARE followed by a generic geographical identifier. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. TAM admits that Intterra filed trademark applications for AWARE-formative trademarks, including Application Serial No. 99572641. TAM denies that Intterra filed only fourteen trademark applications, as an additional application has been filed after the date of the Complaint. The

prosecution records for Intterra's trademarks speak for themselves such that no response is warranted.

16. TAM admits that Plaintiff has undertaken steps toward offering a mobile application under AWARE-formative branding that will be available to end users. TAM denies the allegations in Paragraph 16 of the Complaint to the extent that Intterra claims it is not a source of or responsible for its offerings, including those branded under trademarks that Intterra alleges it owns. The press release attached as Exhibit C speaks for itself such that no response is required. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21. TAM admits that Intterra has publicly utilized AWARE-formative branding in marketing its products. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22. TAM admits that Intterra has publicly utilized AWARE-formative branding in marketing its products, and that Intterra plans to, and is in the process of, significantly expanding such use. TAM admits that Intterra's AWARE-branded offerings are or will be available to individual end users. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23. TAM admits that counsel for TAM and Ms. Rachael Brady sent the a letter dated January 28, 2026 noticing potential claims of trademark infringement and unfair competition and demanding that Intterra cease all infringing use and pursuit of registration for AWARE-formative marks. TAM admits that, at least as early as January 28, 2026, Intterra was on express notice of

applicable trademark rights, Otherwise, the January 28, 2026 letter speaks for itself and TAM denies any of Intterra's characterizations or representations concerning same.

24. TAM admits that counsel's January 28, 2026 letter was sent "following a prior attempt by Intterra" to purchase applicable rights. Otherwise, the January 28, 2026 letter speaks for itself and TAM denies any of Intterra's characterizations or representations concerning same.

25. TAM admits that TAM's founder, Ms. Brady, has "experience in the fire service industry" and direct connections to agencies providing fire and emergency-relief related services. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies same.

26. TAM admits that Plaintiff was, at all pertinent times, aware of Ms. Brady, the WILDFIRE AWARE® app, and TAM's prior rights in and to the WILDFIRE AWARE® mark. TAM admits that Plaintiff was, at all pertinent times, aware of Ms. Brady's "grit and determination" and "relevant experience and familiarity with building mobile applications." TAM admits that Plaintiff undertook a review of the WILDFIRE AWARE® app. TAM admits that Plaintiff was, at all pertinent times, aware of the "significant effort and resources" required to build the WILDFIRE AWARE® app. to build the app. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore denies same.

27. TAM admits that, at all pertinent times, Intterra "was cognizant that Ms. Brady and others had made significant financial and personal investments in developing the WILDFIRE AWARE® app and brand." TAM admits that Intterra made financial and employment offers in connection with Intterra's purchase of "the WILDFIRE AWARE® app and brand." TAM admits that Intterra's offer "was intended to compensate Ms. Brady for the investments she and others had made in the app and brand." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies same.

28. TAM admits that Ms. Brady declined Plaintiff's offer of employment and that Intterra did not purchase or otherwise obtain any rights in or to the WILDFIRE AWARE® app and brand..

TAM admits that Ms. Brady declined to accept offers of employment on multiple occasions, including in November 2024 and March 2025. TAM otherwise denies any remaining allegations, characterizations, or implications set forth in Paragraph 28 of the Complaint.

29. TAM denies that Intterra's goal was "not to acquire any rights associated with the WILDFIRE AWARE application." TAM denies Intterra's characterization of the WILDFIRE AWARE's audience as "relatively limited." TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies same.

30. TAM denies that the WILDFIRE AWARE® app's functionality is limited to wildfires and that the WILDFIRE AWARE® app "does not relay communications from any governmental authorities other than the National Weather Service." TAM admits that WILDFIRE AWARE has a free and a paid version, and that the paid version of WILDFIRE AWARE includes notifications of the app's real-time updates. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, including as to the nature and scope of Intterra's purported investigation, and therefore denies same.

31. TAM admits that TAM is the owner of U.S. Trademark Registration No. 7,403,027 for WILDFIRE AWARE, and that Intterra is aware of TAM's ownership rights. TAM admits that received, and overcame, a preliminary refusal of registration, based on U.S. Reg. No., 3099983.

32. TAM admits that, on September 20, 2023, TAM submitted a response to the USPTO's Office Action in support of registration of the WILDFIRE AWARE® mark notwithstanding Reg. No. 3099983 (the "Office Action Response"). TAM admits that WILDFIRE AWARE® and Reg. No. 3099983 look different, have different connotations, impart different commercial impressions, cover different goods, and target different markets and channels of trade. TAM otherwise denies the remaining allegations in Paragraph 32 of the Complaint, including Intterra's characterization and implications as to the nature and scope of TAM's rights based on incomplete and out-of-context quotations from TAM's response, which must be considered in its entirety and speaks for itself.

33. TAM admits that the registrations cited in TAM's Office Action Response remain registered as of the date hereof. TAM otherwise denies the remaining allegations in Paragraph 33 of

the Complaint, including Intterra's characterization and implications of TAM's arguments the nature and scope of TAM's rights based on incomplete and out-of-context quotations from TAM's response, which must be considered in its entirety and speaks for itself.

34. TAM admits that a call between Intterra's counsel and TAM's former counsel was held on February 6, 2026. TAM is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies same.

35. TAM admits that, notwithstanding Intterra's awareness of TAM's prior rights and discussion of exploring a potential resolution, TAM admits that Intterra responded by email on February 13, 2026 acknowledging Intterra's intention to "use and register" AWARE-formative marks notwithstanding TAM's prior rights and declining to provide any offer of settlement. TAM otherwise denies the remaining allegations in Paragraph 35 of the Complaint, including Intterra's characterization and implications of correspondence between the parties' counsel, which must be considered in its entirety and speaks for itself.

36. TAM denies that Exhibit H is a "true and correct copy of the email correspondence between Intterra's and Defendants' counsel" as it redacts nearly all substantive contents of such correspondence, including legal and factual arguments, Intterra's admissions as to the relatedness of the parties' marks and offerings, evidence of Intterra's mischaracterizations and bad faith, and a detailed settlement proposal. TAM admits that, in light of Intterra's continued misuse and infringement of TAM's intellectual property, it advised by email on February 18, 2026 that TAM is prepared to take legal action to obtain relief from Intterra's willful misconduct. TAM otherwise denies the remaining allegations in Paragraph 36 of the Complaint, including Intterra's characterization and implications of correspondence between the parties' counsel, which must be considered in its entirety and speaks for itself.

37. The allegations in Paragraph 37 are legal arguments to which a response is not required. To the extent a response is required, denied.

38. Denied.

39. Denied.

40. TAM admits that, notwithstanding Intterra's awareness of TAM's prior rights, Intterra

has publicly, and prominently, utilized confusingly-similar AWARE-formative branding in connection with, *inter alia*, the development, marketing, offer, and/or sale of goods and services.

41. Based on information available to date and reserving all rights, for the purposes of this pleading and TAM's obtaining preliminary injunctive relief, TAM does not dispute Intterra's standing. TAM otherwise denies the allegations in Paragraph 41 of the Complaint.

42. Based on information available to date and reserving all rights, for the purposes of this pleading and TAM's obtaining preliminary injunctive relief, TAM does not dispute Intterra's standing. TAM otherwise denies the allegations in Paragraph 42 of the Complaint, including any assertion or implication that Intterra's intentional and willful decision to adopt a confusingly-similar trademark evidences any harm attributable to TAM, or that Intterra is unable to rebrand its offerings.

43. Denied.

44. Denied.

45. TAM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46. TAM denies that its legitimate intellectual property enforcement efforts in the face of willful infringement entitle Intterra to any relief.

**CLAIM FOR RELIEF**

47. TAM repeats and realleges its responses to paragraphs 1 through 46 of the Complaint.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**PRAYER FOR RELIEF**

No response is necessary to a prayer for relief. To the extent a response is deemed necessary, TAM deny that Plaintiff is entitled to any relief sought in its Prayer for Relief.

**DEMAND FOR JURY TRIAL**

TAM acknowledges Plaintiff's demand for a trial by jury and similarly demands a trial by jury on all issues so triable.

DATED: April 23, 2026

BAKER BOTTS L.L.P.

By: */s/ Rachael D. Lamkin*

Rachael D. Lamkin (SBN 246066)
rachael.lamkin@bakerbotts.com
Katherine Burgess (SBN 330480)
katherine.burgess@bakerbotts.com
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Julie Albert (*Admitted Pro Hac Vice*)
julie.albert@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Defendant The Analytical Moose LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on April 23, 2026 pursuant to Local Rule 135.

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin